IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES EARL BUTLER | § | |
| v. | § | CIVIL ACTION NO. 6:10cv134 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner James Earl Butler, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Butler complains of a 2004 conviction for aggravated assault with a deadly weapon, for which he received a sentence of 10 years in prison. He acknowledges that he has previously sought federal habeas corpus relief on this same conviction. Butler v. Director, TDCJ, civil action no. 6:07cv412 (E.D.Tex., dismissed as successive November 20, 2007, certificate of appealability denied by Fifth Circuit October 21, 2008).

In his petition, Butler says that he is actually innocent because the District Attorney's office "fabricated a conviction, concocted a judgment of conviction to reflect this fabricated offense, and sent Petitioner to prison on their fabricated offense of which there is no indictment." He says that this renders his conviction void.

After review of the pleadings, the Magistrate Judge issued a Report on April 29, 2010, recommending that the petition be dismissed as successive. The Magistrate Judge observed that Butler did not show that he had received permission from the Fifth Circuit to file a successive petition, but that on the contrary, he had sought permission to file a successive petition on January 29, 2010, and permission was denied by the Fifth Circuit on March 2, 2010. The Magistrate Judge stated that until such time as Butler received permission to file a successive petition, the district court lacked jurisdiction to consider his claims.

Butler filed objections to the Magistrate Judge's Report on May 7, 2010. In his objections, Butler says that the Magistrate Judge "recommended that the Court apply a procedural default rule to a jurisdictional defect," but asserts that a jurisdictional defect cannot be subjected to the rules of procedural default. In addition, he says that the "fundamental miscarriage of justice exception" survives enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996. He argues that the state court judgment is void and so the state court lacked subject matter jurisdiction, and says that the "actual innocence" exception to the "procedural default" is applicable to his case.

None of Butler's objections are meritorious. Although Butler argues that he is "actually innocent," the Supreme Court has stated that before the district court may accept a successive petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet Section 2244(b)(2)'s new-rule or actual-innocence provisions. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). There is no provision in the law allowing the district court to consider a successive petition merely because the petitioner asserts that he is actually innocent or that the state court judgment is void; rather, these are claims which may be presented to the Court of Appeals as part of a showing that leave to file a successive petition should be granted. *See* In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009). Until such time as this permission is granted, the district court lacks jurisdiction to consider the claims raised in a successive petition. Crone v. Cockrell, 324 F.3d 833, 838 (5th Cir. 2003). Butler's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, subject to receipt of permission from the Fifth Circuit Court of Appeals to file a successive petition. Butler may refile his petition at such time as he obtains this permission from the Fifth Circuit, but may not refile without this permission. It is further

ORDERED that the Petitioner is hereby DENIED a certificate of appealability *sua sponte*; the denial of this certificate of appealability shall refer only to the present case and shall have no effect upon the Petitioner's right to seek permission from the Fifth Circuit to file a successive petition. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of May, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**